IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald J. Nigro, | No. CV-17-01059-PHX-DJH (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On April 7, 2017, Petitioner Ronald J. Nigro filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents have filed an answer asserting that the petition is untimely, or alternatively, that Petitioner's claims are procedurally barred from federal habeas corpus review. (Doc. 11) Petitioner has not filed a reply in support of petition and the time to do so has passed. (*See* Doc. 6.) For the reasons below, the Court recommends that the petition be denied as untimely.

I.    **Factual and Procedural Background**

A.    **Guilty Plea and Sentencing**

On December 28, 2012, the State of Arizona charged Petitioner with first-degree burglary, a class two dangerous felony (Count One), and second-degree trafficking in stolen property, a class three felony (Count Five).[1]   (Doc. 11, Ex. B.)   In July 2013, Petitioner pleaded guilty to Count Five and the State agreed to dismiss Count One.

---

[1]    The Indictment included several counts against another defendant. (Doc. 11, Ex. B.)

(Doc. 11, Exs. C, D.)  On August 22, 2013 the trial court sentenced Petitioner to seven years' imprisonment.  (Doc. 11, Ex. E.)

### B.   Post-Conviction Proceeding

On September 18, 2013, Petitioner filed a notice of post-conviction relief in the trial court to commence an "of-right" proceeding under Rule 32 of the Arizona Rules of Criminal Procedure 32.[2]  (Doc. 11, Ex. F.)  On January 28, 2014, appointed counsel filed a notice advising the court that, after reviewing the record, she could find no colorable claim for relief.  (Doc. 11, Exs. G, I.)  The court ordered Petitioner to file a pro se petition by March 17, 2014.  (Doc. 11, Ex. J.)  Petitioner did not file a petition.  Therefore, on May 7, 2014, the trial court dismissed the Rule 32 of-right proceeding.  (Doc. 11, Ex. K.)

### C.   Petition for Writ of Habeas Corpus

On March 31, 2017, Petitioner filed a petition for writ of habeas corpus in this Court.[3]  (Doc. 1.)  Petitioner asserts that trial counsel was ineffective during the plea process (Ground One), trial counsel was ineffective for failing to investigate the case and failing to explain the facts to Petitioner (Ground Two), and his rights to "judicial process" were violated because he did not receive "an evidentiary hearing" and was not provided counsel for a "presentence interview."  (Doc. 1 at 6-13.)  As set forth below, the Court recommends that the petition be dismissed as untimely.

---

[2]  Because Petitioner pleaded guilty, his only avenue of direct review was a Rule 32 "of-right" proceeding.  *See* Ariz. Rev. Stat. § 13-4033(B) ([I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding").

[3]  Respondents calculate the filing date of Petitioner's pro se filings from the date on which he signed and delivered the document to prison authorities for filing.  (Doc. 11 at 4 n.2); *see Houston v. Lack*, 487 U.S. 266, 270–74 (1988) (discussing mailbox rule in federal proceedings).  The Court also calculates the filing date using the mailbox rule. Respondents assume Petitioner delivered his filings to prison authorities for mailing on the date he signed them, unless the filings indicate the mailing date.  (Doc. 11 at 4 n.2); *see Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (assuming federal habeas petitioner "turned his petition over to prison authorities on the same day he signed it").

## II.      Statute of Limitations

### A.      Commencement of the Limitations Period

The AEDPA provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court.   28 U.S.C. § 2244(d)(1).   The limitations period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]   Therefore, to assess the timeliness of the petition, the Court determines the date on which Petitioner's conviction became "final by the conclusion of direct review."   28 U.S.C. § 2244(d)(1)(A).   By pleading guilty, Petitioner was precluded from pursuing a direct appeal in the Arizona Court of Appeals.   *See* Ariz. Rev. Stat. § 13-4033(B).   Rather, Petitioner could seek review of his conviction and sentence in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal.   *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review).

Petitioner pleaded guilty and was later sentenced on August 22, 2013.   (Doc. 11, Exs. D, E.)   On September 18, 2013, he commenced a Rule 32 of-right proceeding by filing a notice of post-conviction relief.   (Doc. 11, Ex. F.)   On May 7, 2014, the trial court dismissed the Rule 32 proceeding based on Petitioner's failure to file a petition. (Doc. 11, Ex. K.)   Petitioner did not seek review in the Arizona Court of Appeals.   (*See* Docs. 1, 11.)   Therefore, Petitioner's conviction became final on June 6, 2014, when the time for filing a petition for review in the Arizona Court of Appeals expired.   *See* Ariz. R. Crim. P. 32.9(c); *see Summers*, 481 F.3d at 711; *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to seek such review).   Thus, the one-year limitations period commenced the next day, June 7, 2014, and expired one year later, on

---

[4]   The statute of limitations commences on the latest of the dates determined by applying §§ 2244(d)(1)(A) through (D).   *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D).   Petitioner does not make any allegations indicating that subsections (B), (C), or (D) should apply.

June 7, 2015.[5]  *See Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).  Petitioner did not file his petition until March 31, 2017.  Therefore, it is untimely unless statutory or equitable tolling applies.

### B.    Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.").  The record before the Court does not include any evidence indicating that Petitioner commenced any post-conviction proceedings after the conclusion of his Rule 32 of-right proceeding.  Therefore, statutory tolling does not apply.

### C.    Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (internal citations and quotations omitted).  Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the

---

[5] Respondents argue that Petitioner's post-conviction proceeding tolled the limitations period.  (Doc. 11 at 5-6.)  But the post-conviction proceeding that was commenced on September 18, 2013 was a Rule 32 of-right proceeding, which is the functional equivalent of direct review.  *See Summers*, 481 F.3d at 715-16.  Therefore, the conclusion of that proceeding determines the date on which Petitioner's conviction became final, and thus, the date on which the limitations period commenced.  *See* 28 U.S.C. § 2244(d)(1).

burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted).

Liberally construing the petition, Petitioner argues that equitable tolling applies because he asked "defense counsel to continue to file appeals in state court," but counsel did not keep in touch with him. (Doc. 1 at 15.) Petitioner also argues that in "his last letter," he requested that counsel file an appeal, which he "understood had been done." (*Id*.)

Petitioner's claims do not justify equitably tolling the statute of limitations. Significantly, Petitioner has not shown that he pursued his rights diligently. Petitioner states that in his "last letter" he requested that counsel file a timely appeal. (Doc. 1 at 15.) Petitioner does not clarify whether he is referring to direct review of his guilty plea and sentence, or whether he is referring to an appeal of the denial of relief in his Rule 32 of-right proceeding. (*Id*.) The record reflects that Petitioner commenced a timely Rule 32 of-right proceeding. (Doc. 11, Ex. F.) Appointed counsel then filed a notice advising the court and Petitioner that she could not find any claims to raise. (Doc. 11, Ex. I.) In that notice, counsel advised Petitioner that he could file "his own petition." (*Id*.) The trial court ordered Petitioner to file a pro se petition with the court by March 17, 2014. (Doc. 11, Ex. J.) The court's order includes Petitioner's address and Petitioner does not claim that he did not receive the trial court's order. (Doc. 11, Ex. J; Doc. 1 at 15.) Additionally, Petitioner does not claim that he did not receive the trial court's order dismissing his Rule 32 of-right proceeding. (Doc. 1 at 15.)

To be entitled to equitable tolling Petitioner must show that he acted diligently; for example, that "he made any attempt to check on the status of his petition . . . ." *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (holding that a twenty-one month delay in inquiring about status of post-conviction action did not constitute the requisite diligence). Petitioner does not provide any details about his efforts to contact counsel, or to contact the court to determine the status of his Rule 32 of-right proceeding, or of any other matters. *See Kennedy v. Hernandez*, 2008 WL 4378183, at *7-8 (C.D. Cal. Aug.

25, 2008) (petitioner did not establish requisite diligence when he made no attempt to ascertain status of state habeas petition and learned of denial of that petition over one-and-a-half years after filing the petition and over eight months after it had been denied). The record does not establish that Petitioner exercised the requisite diligence for equitable tolling or that an extraordinary circumstance prevented him from filing a timely § 2254 petition. *See Pace,* 544 U.S. at 418.

Additionally, Petitioner's lack of legal knowledge and legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). Petitioner's ignorance of the law and indigent status do not distinguish him from the great majority of inmates pursuing habeas corpus relief. Such circumstances are not extraordinary and do not justify tolling the limitations period. "If limited resources, lack of legal knowledge, and the difficulties of prison life were an excuse for not complying with the limitation period, the AEDPA's limitation period would be meaningless since virtually all incarcerated prisoners have these same problems in common." *Bolanos v. Kirkland*, 2008 WL 928252, at \*4 (E.D. Cal. Apr. 4, 2008); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims, nor petitioner's inability to correctly calculate the limitations period, were extraordinary circumstances warranting equitable tolling).

**III.    Conclusion**

The Court concludes that petition is untimely and recommends that it be denied on that basis. Therefore, the Court does not consider Respondents' alternative arguments for denying relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** as untimely.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties shall have **fourteen days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 21st day of February, 2018.

_____
Bridget S. Bade
United States Magistrate Judge

- 7 -